Jill A. Porcaro (SBN 190412)
Seyfarth Shaw LLP
*jporcaro@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Jeanine A. Scalero (SBN 203221)
SEYFARTH SHAW LLP
*jscalero@seyfarth.com*
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendants
TOTAL AIRPORT SERVICES, LLC and
Griselda Luna Lozano, erroneously sued herein
as Griselda Luna Lazano

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA MORALES, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>GRISELDA LUNA LAZANO, an individual;<br>TOTAL AIRPORT SERVICES, LLC, a<br>Delaware limited liability company; and DOES<br>1 through 80,<br><br>        Defendants. | Case No.   2:20-cv-8871<br><br>**DEFENDANT TOTAL AIRPORT SERVICES, LLC' S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. § 1332(a), 1441 and 1446**<br><br>*[Filed concurrently with Certification and Certification of Interested Parties, Notice of Joinder, Civil Cover Sheet, Declaration of Jeanine Scalero, Declaration of Griselda Luna Lozano and Declaration of Adriano Pereira]*<br><br>[Los Angeles Superior Court Case No. 20STCV32635]<br><br>Complaint Filed:   August 26, 2020<br>Trial Date:   None |

DEFENDANT TOTAL AIRPORT SERVICES, LLC'S NOTICE OF REMOVAL

65713340v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Total Airport Services, LLC ("Defendant" or "TAS") hereby removes to this Court, the state court action described below filed in the Superior Court of the State of California, for the County of Los Angeles.[1]  This Court has original federal jurisdiction over this action based on diversity of citizenship, 28 U.S.C. § 1332(a)(1).  The removal is proper for the following reasons:

## I.    BACKGROUND

1.      On or about August 26, 2020, Plaintiff Theresa Morales ("Plaintiff" or "Morales") filed a complaint against Defendant in the Superior Court of the State of California for the County of Los Angeles, captioned *Theresa Morales vs. Griselda Luna Lazano; Total Airport Services, LLC; and Does 1 through 80 Inclusive,* Case Number 20STCV32635 (the "Complaint").  A true and correct copy of the Complaint (and the superior court's packet including First Amended General Order Re Electronic Filing, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Information Package, and Notice of Assignment Unlimited Civil Case) in this action is attached hereto as **Exhibit A**.  A true and correct copy of the Summons in this action is attached hereto as **Exhibit B**.

2.      The Complaint purports to assert eight claims for relief all stemming from the withdrawal of Plaintiff's alleged employment offer with Defendant TAS.  These causes of action are: 1) intentional interference with prospective economic relations (asserted against Luna); 2) intentional interference with contractual relations (asserted against Luna); 3) defamation (asserted against TAS and Luna); 4) sex/gender

---

[1] Defendant Griselda Luna Lozano (erroneously sued as Griselda Luna Lazano) ("Luna"), was served with the Summons and Complaint in this matter on September 20, 2020, joins in the removal of this lawsuit to this Court.  See concurrently-filed Notice of Joinder and Declaration of Griselda Luna Lozano ("Luna Decl.") ¶2, Exhibit A.

1

65713340v.1

discrimination in violation of the Fair Employment and Housing Act ("FEHA") (asserted against TAS); 5) race/ethnicity discrimination in violation of the FEHA (asserted against TAS); 6) non-job related inquiries in violation of the FEHA (asserted against TAS and Luna); 7) intersectional discrimination based on sex/gender and race/ethnicity in violation of the FEHA (asserted against TAS); and 8) termination and/or failure to hire in violation of public policy (against TAS).

3.      The exhibits listed above constitute all prior pleadings, process, and orders filed with any court in this matter that have been served on or by TAS.

## II.    TIMELINESS OF REMOVAL

4.      TAS was served with the Summons and Complaint on August 28, 2020. Luna was served with the Summons and Complaint on September 20, 2020. Luna Decl. ¶2. Thus, this Notice of Removal is timely as it is filed within thirty (30) days of service on Defendants TAS and Luna of the Summons and Complaint that revealed that this case was properly removable.  28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5.      The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).  As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

6.      **Plaintiff's Citizenship**.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); see also *Zavala v. Deutsche Bank Trust Co. Americas, No. C 13-1040 LB*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.").

2

65713340v.1

7.    TAS's records reflect that when Morales applied for a position with TAS she resided in the City of Whittier, California.  See Luna Decl. ¶4.

8.    In addition, an electronic search of the public records relating to Plaintiff reflect that Plaintiff has resided in California from 1993 through the present.  See Declaration of Jeanine Scalero ("Scalero Decl.") ¶3, Exhibit A.

9.    Therefore, TAS is informed and believes and, on that basis, alleges that Plaintiff was domiciled in California when she applied for a job in California through the present.

10.    Therefore, Plaintiff is, or was at the time of the filing of this civil action, a citizen of California. Accordingly, Plaintiff is a citizen of the State of California.

11.    **Defendant TAS's Citizenship.**  At the time of the filing of this action, and at all relevant times, TAS was and is a citizen of states other than California within the meaning of 28 U.S.C. § 1332(c)(1).

12.    TAS is, and was at all relevant times, a limited liability company.  See Declaration of Adriano Periera ("Periera Decl.") ¶ 3, filed concurrently herewith. TAS's members are CCR USA Airport Management, Inc. ("CCR USA") and Jack Holding Inc. CCR USA is a Delaware corporation and its principal place of business is in The Woodlands, Texas. *Id*. Jack Holding Inc. is a Delaware corporation and its principal place of business in is Phoenix, Arizona. *Id*.

13.    For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." R*olling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, TAS is not a citizen of California.

14.    **Defendant Griselda Luna Lozano Is a Sham Defendant**.[2]    Luna is a resident of California. (Complaint, ¶3.)  However, this will not defeat diversity of

---

[2] Defendants' counsel will be meeting and conferring with Plaintiff regarding their intention to file a Motion to Dismiss and Motion Strike Plaintiff's Complaint immediately following the filing of this Notice of Removal of this action to federal Court.

3

65713340v.1

citizenship in this instance because Luna is a sham defendant and Plaintiff has not and cannot plead any claim against her based on the facts or any theory arising out of the facts alleged in the Complaint.  For sham defendants described by the complaint in name, diversity will not be defeated if no cause of action against them in their personal capacity appears.  *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1425–1427 (9th Cir. 1989). Diversity is not destroyed by the joinder of non-diverse defendants against whom the complaint does not and cannot state a cause of action, *i.e.*, a so-called "fraudulent joinder."  *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127–1128 (E.D. Cal. 2004).  Although complete diversity of citizenship is required for diversity jurisdiction, a non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

15.    The Complaint alleges that Defendants were "acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control." (Complaint, ¶5.)

16.    The First, Second, Third and Sixth Causes of Action in the Complaint alleged against Luna all stem from Luna's interview of Plaintiff and her failure to recommend Plaintiff for hire to TAS' Vice President of Human Resources.  (Complaint, ¶6.)  None of these causes of action are viable.  Luna cannot be sued in her individual capacity for performing an interview and reporting her impressions internally to the Vice President of Human Resources--actions she performed within the course and scope of her employment, regardless of her motives.  Luna Decl., ¶3.

17.    It is well-settled that plaintiffs cannot assert tort claims against employees, coworkers or supervisors who induce the employer to discharge or discipline the plaintiff

4

65713340v.1

because of broad privileges recognized in such cases. *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998) (one employee cannot sue another for words or conduct inducing adverse personnel actions by the employer (termination, demotion, discipline, transfers, compensation setting, work assignment, performance evaluations, *etc.*). In *Sheppard*, the Court reasoned that personnel decisions are made for the benefit of the employer and therefore the employer alone must bear the risks and responsibilities attendant to such actions. Coworkers must have the freedom to provide information necessary for the employer to act without the fear of being sued for doing so. *Id*. at 349. Therefore, actions for inducing the employer's breach are barred "whether or not the employees are determined to have been acting within the scope of their employment and regardless of their personal motives." *Id.* at 343.

18. Coworkers are insulated from personal liability in such cases even if they acted with unlawful or discriminatory motives. Instead, their acts may be attributed to the employer. Likewise, a supervisor cannot be held personally liable under the FEHA or for discharge in violation of public policy for discrimination relating to personnel management decisions. *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998). Supervisors acting within the scope of their authority cannot be held liable for "inducing the employer to breach" its contract with an employee, or for "interfering with the employee's contractual relationship" with the employer. *Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990). Therefore, the case law is unequivocal that Luna cannot be sued in this action for allegedly interfering with Plaintiff prospective economic relations or contractual relations as alleged in Plaintiff's First and Second Causes of Action.

19. The allegations also do not support a claim of defamation against Luna. Plaintiff alleges that after meeting with Plaintiff she told TAS' Vice President of Human Resources that "Plaintiff was a bad fit for the position and should not work for TAS," "Plaintiff was dressed unprofessionally," and "acted like she was better than us." (Complaint, ¶6.) These statements are clearly an opinion, and not a fact. Courts recognize the First Amendment's protections by "carefully distinguishing between

5

DEFENDANT TOTAL AIRPORT SERVICES, LLC'S NOTICE OF REMOVAL

65713340v.1

statements of opinion and fact, treating the one as constitutionally protected and imposing on the other civil liability for its abuse." *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 601 (1976).  Additionally, Luna made these statements within the context of evaluating Plaintiff for the Human Resources Manager position.  Job performance evaluations (positive or negative) are usually held to be statements of opinion, rather than fact, and hence not properly the subject of a defamation action: "[U]nless an employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot support a cause of action for libel." *Jensen v. Hewlett Packard Co.* (1993) 14 Cal. App. 4th 958, 964-965.  Therefore, Plaintiff's Third Cause of Action for Defamation fails to state a claim against Luna.

20.    Lastly, Luna cannot be sued for asking an allegedly improper interview question, as maintained in the Sixth Cause of Action.  There is no recognized claim for improper interview questions.  Rather, this purported claim is superfluous to Plaintiff's claim for alleged discrimination in violation of the FEHA.  Moreover, even if Luna's conduct alleged in the Complaint was motivated by a discriminatory intent, Luna is still insulated from personal liability for such conduct.  As a matter of law, individual supervisors cannot be held personally liable for employment discrimination under the FEHA.  *Reno v. Baird* (1998) 18 Cal. 4th 640, 645-646.  Instead, Luna's alleged actions would be attributed to the employer and only the employer could be held liable for wrongful termination and/or unlawful discrimination.   In her Complaint, Plaintiff's Fourth, Fifth, and Seventh Causes of Action already allege discrimination under FEHA against TAS, and the Sixth Cause of Action is already alleged against TAS.  Therefore, the Sixth Cause of Action for Non-Job Related Inquiries in Violation of FEHA is superfluous and fails to state a claim against Luna as a matter of law.

21.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d

6

65713340v.1

1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe Defendants one through eighty, inclusive, does not deprive this Court of jurisdiction.

## IV.   **AMOUNT IN CONTROVERSY**

22.   While TAS denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  28 U.S.C. § 1332(a)(1).  Where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The court may also consider facts in the removal petition, and may 'require parties to submit summary-judgment type evidence relevant to the amount in controversy at the time of removal.'"  *Id*. at 377.  *See also Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).  Affidavits can establish particular elements of damages.  *Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202 (2d Cir. 1982).

23.   Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

24.   In determining whether a complaint meets the $75,000 threshold under U.S.C. § 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is

7

65713340v.1

discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

25.    As is discussed below, should Plaintiff prevail as to her claims, her wage and emotional distress damages alone establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).  Notwithstanding, Plaintiff also seeks to recover punitive damages, and attorneys' fees.

**A.    Plaintiff's Alleged Damages for Lost Wages**

26.    Plaintiff alleges that TAS unlawfully discriminated against her and wrongfully failed to hire her in violation of the FEHA and public policy.  *See* Complaint, ¶¶52-54, 61-63, 79-81, 87-89.

27.    Plaintiff seeks to recover general and special damages including loss of salary and benefits, as well as consequential and incidental losses.  *See* Complaint ¶¶56, 65, 83, Prayer §§1-2.  A review of TAS' personnel records show that Plaintiff was made a conditional offer of employment around August 21, 2018, and that the conditional offer was withdrawn shortly thereafter in late August 2018. *See* Luna Dec., ¶5.

28.    TAS' records reflect that Morales' offer of employment was for the position of Human Resources Manager at a starting salary of $115,000 per year, with a potential start date of September 11, 2018.  *See* Luna Dec., ¶5.  Therefore, Plaintiff's alleged lost salary from the date of her offer was withdrawn are estimated to be **$230,000** ($115,000 x 2 (years through September 1, 2020).  Plaintiff, further seeks to recover for lost employment benefits in an unspecified amount.

8

65713340v.1

**B.      Plaintiff's Additional Claims For Alleged Emotional Distress Damages and Punitive Damages Establish that the Amount in Controversy Exceeds $75,000**

29.     In addition to lost wages, Plaintiff also seeks to recover damages for emotional distress as well as punitive damages.  See Complaint ¶¶ 8, 58, 67, 83, 85, Prayer §§2, 4.

30.     To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts and claims.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Here, Plaintiff's claims for emotional distress and punitive damages for purported violations of the FEHA, if successful, would "more likely than not" result in an award that exceeds $75,000.  California jury verdicts in similar cases alleging disability discrimination—just as Plaintiff alleges here—often exceed $75,000.  See S*alinda v. DirecTV Inc.*, No. BC475999, 2013 WL 5944203 (Los Angeles County Sup. Ct. August 23, 2013) (jury award of $1,178,341, including $650,000 in noneconomic damages, based on claims for disability discrimination, failure to prevent, and failure to engage in the interactive process); see also *Silverman v. Stuart F. Cooper, Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles County Sup. Ct. July 19, 2013) (jury award of $325,223, including $151,333 in emotional distress damages, in wrongful termination case involving age discrimination and harassment);  *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside County Sup. Ct. May 7, 2013) (jury awarded $514,350, including $275,000 in pain and suffering and $100,000 in punitive damages in a wrongful termination action); *Bielma v. Cosmi Corp.*, No. BC223155, 2001 WL 36375518 (Los Angeles County Sup. Ct. June 26, 2001) (jury award of $230,000, including $180,000 in noneconomic damages, in wrongful termination case based on race); *Gibbs v. Boeing Satellite Sys., Inc. INC.*, No. BC 277075, 2004 WL 3723423 (Los Angeles Sup. Ct. July 2004) ($700,000 verdict, including $100,000 in punitive damages, in wrongful termination case based on race).

9

DEFENDANT TOTAL AIRPORT SERVICES, LLC'S NOTICE OF REMOVAL

65713340v.1

31.     True and correct copies of the jury verdicts in these matters are attached to the concurrently-filed Scalero Decl., ¶4, at Exhibit B.[3]

### J.     Potential Attorneys' fees Further Establish the Amount in Controversy Exceeds $75,000.

32.     Plaintiff alleges that she is entitled to attorneys' fees.  *See* Complaint, Prayer §8.  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal based on diversity jurisdiction.  See *Galt*, 142 F.3d at 1156.

33.     Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.  Verdicts show that attorneys' fees in employment cases typically exceed $75,000, including in cases alleging disability discrimination.  See *Denenberg v. California Dep't of Trans.*, No. GIC836582,  2007 WL 2827715 (San Diego County Sup. Ct. Sept. 16, 2006) (attorneys' fees award of $490,000 based on disability discrimination and failure to accommodate claims); see also *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside County Sup. Ct. May 7, 2013) ($160,000 in attorneys' fees awarded in a wrongful termination action); *Lieberman vs. WellPoint Inc.*, No. 56200900348433, 2011 WL 10725941 (Ventura County Sup. Ct. July 6, 2011) (attorneys fees' of $207,775 awarded in an action involving discrimination, wrongful termination, and breach of contract).

34.     True and correct copies of the jury verdicts in these matters are attached to the concurrently-filed Scalero Decl., ¶4 as Exhibit B.

35.     Based upon the allegations contained in Plaintiff's Complaint, Plaintiff seeks damages within the jurisdictional authority of this Court.  Since diversity of citizenship exists between Plaintiff and TAS, and the amount in controversy between the parties

---

[3] The attached verdicts are a matter of public record and are authenticated under Fed. R. Evid. 901(b)(7) and 902(6).  *See* Scalero Decl. ¶ 4, Exhibit B.  TAS further requests that the Court take judicial notice of them pursuant to Fed. R. Evid. 201.  Courts have taken judicial notice of jury verdicts previously, explaining that "the accuracy of the jury verdicts as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned." *Vasquez v. Arvato Digital Servs., LLC*, 2011 WL 2560261, at *2 (C.D. Cal. June 27, 2011).

10

DEFENDANT TOTAL AIRPORT SERVICES, LLC'S NOTICE OF REMOVAL

65713340v.1

exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action therefore is properly removed to this Court.

## V.    VENUE

36.    Removal to this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because the state court action was filed in Los Angeles County.

## VI.    NOTICE OF REMOVAL

37.    Notice of this removal will promptly be served on Plaintiffs and the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

## VII.    PRAYER FOR REMOVAL

38.    **WHEREFORE,** TAS prays that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

DATED:  September 25, 2020                    SEYFARTH SHAW LLP


By: */s/ Jeanine Scalero*
Jeanine Scalero
Attorneys for Defendants
TOTAL AIRPORT SERVICES, LLC
and Griselda Luna Lozano, erroneously
sued herein as Griselda Luna Lazano

11

DEFENDANT TOTAL AIRPORT SERVICES, LLC'S NOTICE OF REMOVAL

65713340v.1